IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRANCE J. LUKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 121-073 |
| ) | |
| MERRICK GARLAND, United States ) | |
| Attorney General, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a federal Bureau of Prisons ("BOP") inmate on escape status who is currently detained at Charles B. Webster Detention Center in Augusta, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 10), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.    BACKGROUND**

On August 4, 2010, state law enforcement arrested Petitioner in Richmond County, Georgia, for charges related to possession of firearms and probation violations, case numbers 2010RCCR01295 and 2007RCCR1752. (Doc. no. 10-1, Colston Aff. ¶ 5 & Attach. 1, pp. 1-2.)  On September 16, 2010, Petitioner received a five-year state prison sentence for Possession of a Firearm by a Convicted Felon in 2010RCCR01295, and he was sentenced on that same date to one year and one month in prison for a probation violation in

2007RCCR1752.  (Id. ¶ 6 & Attach. 2.)  While serving these state sentences, the United States Marshal temporarily removed Petitioner from state custody on April 14, 2011, pursuant to a federal writ of habeas corpus *ad prosequendum*, to answer federal firearms charges indicted in United States v. Luke, CR 111-090 (S.D. Ga. Mar. 3, 2011).  (Id. ¶ 7 & Attach. 3.)

Petitioner pleaded guilty to one count of Felon in Possession of Firearms, and on January 26, 2012, Chief United States District Judge J. Randal Hall sentenced Petitioner to 120 months in federal prison.  (Id. ¶ 8 & Attach. 4.)  Judge Hall ordered Petitioner to serve the federal sentence "concurrently with any state term of imprisonment the [Petitioner] is serving with respect to Richmond County Superior Court Docket Numbers 2007RCCR1752 and 2010RCCR01295."  (Id.)  The United States Marshal returned Petitioner to state custody with the federal judgment for 120 months in prison lodged as a detainer.  (Id. & Attachs. 3 & 5.)  When Petitioner was released on parole by state officials on May 7, 2012, the United States Marshal Service took custody of Petitioner for service of his federal sentence.  (Id. § 9 & Attach. 5.)

When Petitioner came under the primary jurisdiction of federal authorities upon completion of his state sentences, the BOP prepared a sentence computation for Petitioner's 120-month sentence based on the date Judge Hall imposed sentence, January 26, 2012.  (Id. § 10 & Attach. 6.)  Petitioner received forty-two days of jail credit on his federal sentence for his state pre-trial detention from August 4, 2010 until September 15, 2010, one day prior to his state sentencing on September 16, 2010.[1]  (Id. § 17 & Attach. 13.)  On October 7, 2020,

---

[1]Petitioner received this so-called Willis credit on his federal sentence because the expiration of Petitioner's concurrent federal sentence exceeded the expiration of his state

Petitioner transferred from his federal facility to a residential reentry center ("RRC") in Augusta, Georgia. (Id. ¶ 11 & Attach. 7.) When RRC staff could not locate Petitioner during a destination check on October 17, 2020, escape procedures were initiated, and Petitioner was placed on escape status. (Id. ¶ 12 & Attach. 8.)

Because Petitioner was no longer in "exclusive" federal custody, the BOP put his federal sentence computation in inoperative status, and the United States Marshal Service issued a warrant for Petitioner's arrest.[2] (Id. ¶ 13 & Attach. 9.) Richmond County law enforcement arrested Petitioner on March 25, 2021, for Robbery by Sudden Snatching and Other Authorities Safe Keeping. (Id. ¶ 14 & Attachs. 10 & 11.)

Petitioner unsuccessfully sought credit on his federal sentence for all time spent in custody since his arrest on August 4, 2010, through the BOP administrative grievance procedure. (Id. ¶¶ 18, 20 & Attach. 12.) Petitioner now seeks federal habeas corpus relief, requesting approximately sixteen months of credit on his federal sentence and dismissal of the federal detainer, which he contends would make him eligible for bond on his pending state charge for Robbery by Sudden Snatching. (See generally doc. nos. 1, 12.) In particular, Petitioner argues that because Judge Hall ordered his federal sentence to run concurrent with his 2007 and 2010 state sentences imposed on September 16, 2010, his federal sentence should be calculated from a point that predates the imposition of his 2012 federal sentence. Respondent moves to dismiss the petition, arguing Petitioner's federal sentence cannot commence prior to its imposition. (See generally doc. no. 10.) Furthermore, Petitioner is not

---

sentence, meaning he otherwise effectively would receive no benefit for his state pretrial custody. Colston Aff. ¶ 17 & Attach. 13.

[2]Because of his escape status, Petitioner does not have a projected release date on his federal sentence. Colston Aff. ¶ 4 & Attach. 16.

3

entitled to additional credit on his federal sentence for time already credited to his state sentences.

## II. DISCUSSION

### A. Procedure for Computing a Federal Sentence

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in

detention has "been credited against another sentence." Id.  In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)).  PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence."  PS 5580.28, pp. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Oct. 1, 2021).  The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

As explained below, Petitioner's federal sentence commenced the day he was sentenced by Judge Hall, and he has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

### B. Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences."  According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served."  Importantly, "a federal sentence cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006)

(quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)[3]). As to the meaning of "concurrent," the Eleventh Circuit has "concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively." DiVito v. Wells, 3:11-CV-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) (citing Coloma, 445 F.3d at 1284 & omitting footnote), *adopted by*, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011). In practice, that means "a sentence cannot begin before the date it is pronounced, 'even if made concurrent with a sentence already being served.'" Lopez-Palomeque v. Stone, No. CV 313-088, 2014 WL 3366044, at *3 (S.D. Ga. July 9, 2014) (quoting Rey, 359 F. App'x at 90) (Bowen, J.); see also PS 5880. 28 at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

Here, Petitioner was sentenced in state court on September 16, 2010, for 2010RCCR01295 and 2007RCCR1752. While serving those sentences, federal authorities "borrowed" Petitioner from the state's primary custody by virtue of a writ of habeas corpus *ad prosequendum* so that Petitioner could answer federal charges, resulting in Judge Hall imposing a 120-month sentence on January 26, 2012 (Colston Aff. ¶¶ 6-8 & Attachs. 2-5.) Because Petitioner's federal sentence "cannot begin prior to the date" it was pronounced by Judge Hall, Petitioner's request for retroactive commencement of his federal sentence to match commencement of his state sentences imposed on September 16, 2010, is without merit. Having concluded Petitioner's federal sentence commenced on January 26, 2012, the Court turns its attention to the request for prior custody credit based on time served before

---

[3]The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Judge Hall imposed sentence.[4]

### C. Prior Custody Credit for Time Served Prior to Commencement of Federal Sentence

Petitioner asks the Court to award him prior custody credit from his state sentencing on September 16, 2010, through January 25, 2012, the day prior to the imposition of his federal sentence on January 26, 2012. This approximately sixteen-month period includes the time in which the United States Marshal temporarily removed Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, April 14, 2011, until his return to state custody with his federal judgment lodged as a detainer. (Colston Aff. ¶¶ 7, 8 & Attachs. 3-5.) However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is not entitled to any prior custody credit, beyond the forty-two days of so-called Willis credit discussed in note 1 *supra*, which he has already received.

Under § 3585(b), time credited to Petitioner's state sentences cannot be credited again to his federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence). The State of Georgia credited Petitioner on his state sentences, which he was serving at the time of his federal sentencing on January 26, 2012, for the time beginning with his arrest in August 2010, through May 7, 2012, the expiration of his state sentences. (Colston Aff. Attach. 2.) Thus, Petitioner is not entitled to credit against his federal sentence for the time

---

[4]The Court presumes Respondent's motion to dismiss contains a scrivener's error regarding the reference to Petitioner Julian Garcon and a sentence commencement date of November 10, 2019, (doc. no. 10, pp. 1, 5), as there is no reference to November 10, 2019 in the Statement of Facts and supporting documentation attached to the motion.

he spent in county jail prior to imposition of his federal sentence because that time has already been credited to his state sentences in 2010RCCR01295 and 2007RCCR1752. See Miramontes v. Stone, No. CV 315-061, 2015 WL 9916716, at *2 (S.D. Ga. Nov. 20, 2015) ("[U]nder no circumstances may a defendant receive double credit for time served prior to sentencing." (Bowen, J.).)

To the extent Petitioner seeks credit for the time the United States Marshal "borrowed" him to answer his federal charge, the claim is without merit, not only because that time was credited against his state sentence, but also because Petitioner never left the primary custody of state officials. "[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). Rather, the writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693; see also Powell v. Jordan, 159 F. App'x 97, 99 (11th Cir. 2005) (*per curiam*) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.") (citation omitted)). Accordingly, although the United States Marshal temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges on April 14, 2011, the state's custody was never interrupted. See Butler, 451 F. App'x at 812. Thus, Petitioner is not entitled to credit on his federal sentence for the time he was "on loan" from state authorities.

Because the time Petitioner seeks was credited against his state sentences in 2010RCCR01295 and 2007RCCR1752, he is not entitled to double credit for that time on his federal sentence imposed by Judge Hall. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Therefore, he is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.[5] Because there is no basis for granting the additional credit Petitioner seeks, there is also no basis for dismissal of the detainer lodged against Petitioner with the state authorities who currently have custody of Petitioner based on his arrest for the pending Robbery by Sudden Snatching charge.

### III. CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 10), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 1st day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Court declines to address Respondent's argument regarding Petitioner's ineligibility for credit on his federal sentence while on escape status, (doc. no. 10, p. 10), because Petitioner never made a request for such credit.